UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

Catalina Lighting, Inc., *et al.*,[1]

    Debtors.
_____/

Chapter 11

Case No. 10-14786-RAM

(Joint Administration Pending)

### DECLARATION OF PETER H. LEVITT ON BEHALF OF SHUTTS & BOWEN LLP, AS PROPOSED COUNSEL TO THE DEBTORS-IN-POSSESSION

I, Peter H. Levitt, declare that:

1. I am an attorney and partner at the law firm of Shutts & Bowen LLP ("Shutts & Bowen"), with offices at 1500 Miami Center, 201 S. Biscayne Blvd., Miami, FL 33131. I am familiar with the matters set forth herein and make this Declaration in support of the application of Debtors, Catalina Lighting, Inc. ("Catalina") and Catalina Industries, Inc. ("Catalina Industries") (collectively, "Debtors"), for order authorizing employment of Shutts & Bowen LLP as counsel to the debtors, nunc pro tunc to the petition date ("Application"). I am qualified under Local Rule 2090-1(A) to practice in this Court.

2. This Declaration is based upon my personal knowledge, except where otherwise stated.

3. In preparing this Declaration, I have reviewed a list of the Debtors' 20 largest creditors, which was provided by the Debtors. I cross-checked the creditor information from the above sources, together with the names of the Debtors, against the database information within

---

[1] The Debtors are the following two (2) entities (the last four digits of their respective taxpayer identification numbers follow in parentheses): Catalina Lighting, Inc., a Florida corporation (8266); and Catalina Industries, Inc., a Florida corporation (4785). The address of each of the Debtors is 18191 NW 68th Avenue, Hialeah, FL 33015.

Shutts & Bowen's client and adverse party conflict and records check system (the "Conflict Check").

    4.    The Conflict Check and other investigation revealed the following:

    (a)    Shutts & Bowen represents the landlord of the Wachovia Financial Center (200 S. Biscayne Boulevard), a building in which the law firm of Morgan, Lewis & Bockius, LLP is a tenant. On behalf of the landlord, Shutts handled one or more amendments to the lease with the Morgan, Lewis firm. Morgan, Lewis may be owed approximately $38,000 by the Debtors;

    (b)    Wells Fargo Bank, N.A. merged with the Debtors' secured lender, Wachovia Bank, N.A. Shutts & Bowen currently represents Wells Fargo Bank, N.A., as Trustee, in connection with several matters involving securitizations for which Wells Fargo is serving solely in a representative capacity as an indenture trustee for the benefit of the certificate holders. These matters are not related to the firm's representation of the Debtors herein. In these matters, the firm was engaged by and deals exclusively with special servicers for the various securitized loan portfolios, and the firm has no direct involvement with Wells Fargo. These matters are wholly unrelated to the firm's representation of the Debtors herein; and

    (c)    Shutts & Bowen on occasion handles commercial loan modifications for Wachovia Bank, N.A. in connection with loans previously closed by Shutts. The only such loan modification currently in process is the renewal of a loan in the principal amount of $2,000,000 to Gator Coastal Centre Investors, Inc. This matter is wholly unrelated to the firm's representation of the Debtors herein.

    5.    To the best of my knowledge and belief, and based on my conversations with the attorneys involved in matters where Shutts & Bowen represented either or both of the Debtors,

Shutts & Bowen is not currently representing the Debtors in any matters other than those that are directly or indirectly related to the bankruptcy cases. Further, the Debtors do not owe any fees or other amounts to Shutts & Bowen as of the Petition Date, other than fees for work done in connection with the bankruptcy cases shortly before the cases were filed and for which the firm will later file a fee application.

6. Based upon the results of the Conflict Check, my conversations with other attorneys at Shutts & Bowen, and my review of firm records, to the best of my knowledge and belief, Shutts & Bowen: (a) does not represent any entity in a matter which would constitute a conflict of interest; (b) is a disinterested person as required by Section 327(a) of the Bankruptcy Code; and (c) does not hold or represent any interest adverse to the Debtors' estates. Specifically, (a) Shutts & Bowen is not a creditor, an equity security holder, or insider of the Debtors, (b) no Shutts & Bowen attorney is (or was within two years before the Petition Date) a director, officer or employee of the Debtors, and (c) neither Shutts & Bowen nor any of its attorneys has an interest materially adverse to the interests of the estates herein by reason of any direct or indirect relationship to, connection with, or interest in the Debtors, or for any other reason.

7. Except for the proposed continuing representation of the Debtors in these cases, neither Shutts & Bowen nor I has represented, or will represent, any other entity in connection with these cases, and we will not accept any fee from any other party or parties in this case, except the Debtors in accordance with the provisions of the Bankruptcy Code.

8. At the present time, Shutts & Bowen is holding a retainer in the amount of $70,000 which was received pre-petition by Shutts & Bowen for its services to be performed as

bankruptcy counsel for the Debtors, and this retainer is being held in Shutts & Bowen's attorney trust fund account.

9. The current hourly rates for the Shutts & Bowen professionals who are anticipated to devote time to the Debtors' cases, range from $285 to $495 for partners, $175 to $285 for associates and $110 to $165 for paralegals. Shutts & Bowen typically adjusts its hourly rates on an annual basis, effective as of January 1 of each year.

10. No agreement exists, other than the firm's partnership agreement, for the sharing of any compensation to be paid by the Debtors to Shutts & Bowen.

11. Except as disclosed herein, to the best of my knowledge and belief, neither Shutts & Bowen nor I has any connection with the Debtors, the creditors of the Debtors, any other known party in interest, the United States Trustee, or any person employed in the office of the United States Trustee.

12. This concludes my Declaration.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct.

Dated: February 25, 2010

/s/ *Peter H. Levitt*
Peter H. Levitt